[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 15, 2011
JOHN LEY
CLERK

No. 11-12068
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-01081-EAK-TGW

CERTAIN INTERESTED UNDERWRITERS AT
LLOYD'S, LONDON SUBSCRIBING TO
CERTIFICATE OF INSURANCE NO. 9214,

Plaintiff - Appellee,

versus

MICHAEL HALIKOYTAKIS,
d.b.a. Hali Plaza,
EDITH HALIKOYTAKIS,
d.b.a. Hali Plaza,

Defendants - Appellants,

CAMILLA BERNHARDT,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 15, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This is a declaratory judgment action. Appellee Certain Interested Underwriters etc. ("Underwriters") brought the suit against appellant Michael and Edith Halikoytakis d/b/a/ Hall Plaza ("Hall Plaza"), an Underwriters' insured, to obtain a declaration that the insurance policy it issued to Hall Plaza provided no coverage for the claims asserted against Hall Plaza in a personal injury lawsuit brought against it and Point Builders, Inc., by Camilla Bernhardt and Brian Bernhardt in the Circuit Court of Hillsborough County, Florida. The Bernhardts' claims stem from injuries Camilla Bernhardt received when she fell on the sidewalk across the street from Hall Plaza's premises. The Bernhardts' complaint alleged that Point Builders caused the sidewalk to be damaged by trucks and equipment it was using in performing certain construction work for Hall Plaza on Hall Plaza property, i.e., the removal of a retention pond, the installation of a stormwater drainage system, and the construction of a parking area. Point Builders was performing the work under a contract with Hall Plaza and damaged the sidewalk (where Camilla Bernhardt fell) while storing Point Builders' heavy

equipment on a vacant lot located across the street from Hall Plaza's property and adjacent to the sidewalk.[1]

This appeal is from the summary judgment the district court granted in Underwriters' favor. The court held the insurance policy at issue, as modified by endorsements including the Designated Premises Endorsement, was effectively converted into a premises liability policy, a policy that did not afford Hall Plaza coverage for Camilla Bernhardt's off-premises injury. We agree with the district court's holding. We also agree with the district court's holding that Hall Plaza breached the Independent Contractors Special Condition by failing to be named as an additional insured on its contractor's liability policy. As this condition states, "[f]ailure to comply will invalidate this insurance."

We find no basis for setting aside the district court's judgment. It is

AFFIRMED.

---

[1] After responding to the Bernhardts' complaint, Hall Plaza filed a cross-claim against Point Builders, seeking indemnification.